UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CRIMINAL ACTION NO. | |
| VS. | ) | | |
| | ) | 3:06-CR-160-G | |
| VICTOR EUGENE MURRELL, | ) | | |
| | ) | **ECF** | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Victor Eugene Murrell ("Murrell"), for discovery and inspection with legal memorandum ("motion"). The government responded to the motion on July 21, 2006. Government's Response to Defendant's Motion for Discovery and Inspection ("Response").

In the motion, Murrell makes discovery requests for: (1) statements of the defendant; (2) government communications with the defendant; (3) witness statements; (4) statements of individuals who will not be witnesses; (5) exculpatory/impeachment evidence; and (6) other crimes evidence. *See* Motion.

The defendant's request for statements of the defendant is **GRANTED** to the extent authorized by FED. R. CRIM. P. 12(b)(4)(B), 16, and 26.2; 18 U.S.C. §§ 2510, 2518(9), 3500; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and *Giglio v. United States*, 405 U.S. 150 (1973), and its progeny; and any applicable local rules or order issued by this court; but is otherwise **DENIED**.

The defendant requests that the government inform defense counsel "if any government agent or anyone else acting at the direction of the government has communicated with the defendant since the commencement of adversarial proceedings against the defendant, the identification of such individuals and the details surrounding the circumstances of such communications as well as the statements made by both the defendant and the government agent." Motion at 3. The government objects to this request as being "vague and exceeding the scope of Federal Rule of Criminal Procedure 16." The defendant's request is **GRANTED** to the extent authorized by FED. R. CRIM. P. 16 and 26.2; 18 U.S.C. § 3500; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and *Giglio v. United States*, 405 U.S. 150 (1973), and its progeny; and any applicable local rules or order issued by this court; but is otherwise **DENIED**.

The defendant's request for witness statements is **GRANTED** to the extent authorized by FED. R. CRIM. P. 16 and 26.2; 18 U.S.C. § 3500; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and *Giglio v. United States*, 405 U.S. 150

(1973), and its progeny, and any applicable local rules or order of this court, but is otherwise **DENIED**.

The defendant's request for statements of individuals who will not be witnesses is **GRANTED** to the extent authorized by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and any applicable local rules or order of this court; but is otherwise **DENIED**.

The defendant's request for exculpatory / impeachment evidence is **GRANTED** to the extent authorized by FED. R. CRIM. P. 16 and 26.2; 18 U.S.C. § 3500; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and *Giglio v. United States*, 405 U.S. 150 (1973), and its progeny; and any applicable local rules or order of this court; but is otherwise **DENIED**.

The defendant's request for notice of all evidence of "other crimes" by the defendant which the government intends to introduce at trial is **GRANTED** to the extent authorized by FED. R. EVID. 404(b) and any applicable local rules or order of this court, but is otherwise **DENIED**.

**SO ORDERED**.

July 26, 2006.

_____
A. JOE FISH
CHIEF JUDGE